**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

IN RE:

PETER TERENCE RUSS &           CASE NO.: 06-50143-LMK
 LEAISE RUSS,

    Debtors                    CHAPTER 13

_____/

**ORDER DENYING DEBTORS' MOTION FOR CONTINUATION OF AUTOMATIC STAY**

**THIS MATTER** came before the Court on the Debtors' Motion for Continuation of the Automatic Stay (the Motion) (Doc. 19). The Debtors filed their instant Chapter 13 petition on June 27, 2006. Because they had been debtors in case dismissed within one year prior to the filing of the instant case (Case No. 05-50480-LMK, dismissed on January 9, 2006), the automatic stay terminated by operation of law on the 30th day after the filing of the later case. *See* 11 U.S.C. § 362(c)(3)(A). In their Motion, the Debtors ask the Court to extend the stay for the duration of the case under 11 U.SC. § 362(c)(3)(B). Section 362(c)(3)(B) provides that, "on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors . . . after notice and a hearing *completed before the expiration of the 30-day period . . .*"(emphasis added). Accordingly, a motion to continue or extend the stay must be filed early enough in the case to allow the Court time to schedule and hold the required evidentiary hearing before the 30th day; ideally, such a motion will be filed either along with the petition or at least within five days thereafter to ensure the Court has ample time within which to schedule the hearing and provide creditors with adequate notice of the hearing. *See*, PROPOSED LOCAL RULE 4001-3 (requiring such a motion to be filed within five days of the petition date). Although this local rule is not yet in effect, because the Court has limited dates available on its calendar, and because creditors have to be provided with adequate notice of the hearing, the Court cannot guarantee that it will be able to schedule a motion filed any later than this before the termination of the stay occurs on the 30th day post-petition.

In this case, however, a hearing is unnecessary because the timing of the Motion makes the result clear. This case was filed on June 27, 2006, but the Motion was not filed until July 28, 2006, which was the 31st day after the petition was filed. Accordingly, the Motion was not filed timely, and a hearing could not be held timely, as the stay had already terminated on July 27, 2006. Under the provisions of the Bankruptcy Code, the Court can only extend the stay after a hearing completed before the stay terminates on the 30th day post-petition. There is no mechanism in the Code that allows the Court to reimpose the stay once it has been terminated; therefore, the Court has no discretion in the matter. Accordingly, it is hereby.

ORDERED AND ADJUDGED that the Debtors' Motion for Continuation of the Automatic Stay is **DENIED**.

DONE AND ORDERED in Tallahassee, Florida, this 4th day of August, 2006.

_____
Lewis M. Killian Jr.
Bankruptcy Judge

cc:    All creditors & parties in interest.